William M. COMEGYS III,
et al., Plaintiffs,

v.

Alfred C. GLASSELL, Jr. and
Erso, Inc., Defendants.

No. 2:91–CV–0177.

United States District Court,
E.D. Tex.,
Marshall Division.

Oct. 15, 1993.

James R. Leahy, Thomas Tucker, Brown, Parker & Leahy, L.L.P., Houston, TX, for plaintiffs.

J. Harrell Feldt, Vinson & Elkins, L.L.P., Houston, TX, Roy E. Price, Jr., Sharp, Price, Griffith & McCollam, Longview, TX, William T. Miller and William D. Noel, Andrews & Kurth, L.L.P., Houston, TX, for defendants.

## ORDER

HALL, District Judge.

PENDING BEFORE THE COURT is Plaintiffs' Motion to Compel Production of Documents Designated as "Privileged and Confidential" from Texas Commerce Bank, which is not a party to this lawsuit. The Court, after reviewing the Motion, the Response, and Plaintiffs' Reply, finds that Plaintiffs' Motion to Compel is well taken.

## I. BACKGROUND

This litigation arises out of the parties' dealings in connection with mineral properties in the Carthage Field (the "Joint Property") that were discovered by defendant Alfred C. Glassell, Jr. and his father Alfred C. Glassell, Sr. in 1936. Plaintiffs are nieces and nephews of Glassell, Jr. and are successors in interest to trusts created when Glassell, Sr. conveyed a portion of his working interest in the Joint Property to the trusts in 1947. The trusts named defendant Glassell, Jr. and First City National Bank (the "Bank") as co-trustees. Texas Commerce Bank is the successor in interest to the Bank.

In 1976, Glassell resigned as co-trustee and was replaced by George Nye. In approximately 1984, Nye resigned, and the Bank became the sole trustee of the trusts.

Plaintiffs' primary complaint relates to expenses charged to their working interest accounts. Plaintiffs assert that a greater portion of certain charges should have been allocated to defendant Glassell and that other expenses should not have been charged to their joint account at all. Plaintiffs assert claims of negligence and gross negligence, breach of contract, and breach of fiduciary duty against the defendants, and seek both actual and punitive damages.

Throughout the duration of the trusts, the Bank generated and kept documents relating to the operation of the Joint Property. The Bank now claims that some of these docu-

ments are protected by the attorney-client privilege.

## II. ATTORNEY/CLIENT PRIVILEGE

FED.R.EVID. 501 provides that in civil actions, "with respect to an element of the claim or defense as to which State law supplies the rule of decision, the privilege of a witness ... shall be determined in accordance with State law." *See Hyde Constr. Co. v. Koehring Co.*, 455 F.2d 337 (5th Cir.1972) (state law of privilege applies in diversity cases). Therefore, Texas law will govern in the Court's determination of whether the documents in the Bank's file are protected by the attorney/client privilege. In Texas, Rule 503 governs the attorney-client privilege. *See* TEX.R.CIV.EVID. 503.

## III. DISCUSSION

■ The issue before the Court is whether an independent attorney-client privilege relationship exists between a trustee and its attorney to the exclusion of the beneficiaries.

Plaintiffs contend that the Bank's documents are not privileged on two grounds: 1) the Plaintiffs are the real clients because the documents were prepared for the benefit of the beneficiaries and are related to the trusts, and 2) the Bank waived its attorney-client privilege by communicating the documents to third parties. The Court will consider each argument in turn.

Plaintiffs first contend that because the alleged privileged documents related to the trusts and the trusts' res, the documents were actually prepared for the benefit of the beneficiaries. Therefore, Plaintiffs are the real or ultimate clients and holders of the privilege. In the alternative, Plaintiffs urge that they are joint clients with the trustee. Thus, under TEX.R.EVID. 503(d)(5),[1] the privilege does not protect communications by one joint client concerning the interests of both.

On the other hand, Defendants argue that the documents are privileged communications between the Bank and its counsel concerning issues that affected the trusts and the Bank's responsibilities as a trustee. The Bank admits that some of the documents relate to the operation and management of the trusts' res.

No Texas or Fifth Circuit case directly addresses the issue of whether an independent attorney-client relationship exists between a trustee and its attorney to the exclusion of the beneficiaries. However, a Delaware chancery court addressed this same issue in *Riggs Nat'l Bank of Washington D.C. v. Zimmer*, 355 A.2d 709 (Del.Ch.1976). In *Riggs*, the court dealt with an action against trustees of a testamentary trust to reimburse the estate for breaches of the trust. The beneficiaries sought to discover trust documents relating to trust operations alleged to be protected by privilege. In compelling discovery of documents, the court stated that the documents were prepared for the benefit of the beneficiaries of the trust and by counsel whose legal fees were paid with trust assets. *Id.* at 711. Therefore, the court held that the ultimate or real clients were the beneficiaries of the trust and that the trustee, in his capacity as a fiduciary, was acting only on behalf of the beneficiaries in administering the trust. *Id.* Placing great weight on the fact that the trustee was not the "real client" and that the trustee had substantive fiduciary duties to the beneficiaries, the court ruled in compelling discovery of the alleged privileged documents:

> The trustee here cannot subordinate the fiduciary obligations owed to the beneficiaries to their own private interests under the guise of attorney-client privilege. The policy of preserving the full disclosure necessary in the trustee-beneficiary relationship is here ultimately more important than the protection of the trustees' confidence in the attorney for the trust.

*Id.* at 714.

■ This Court adopts the very persuasive reasoning of the Delaware chancery court in *Riggs*. In this case, the documents sought to be produced relate to matters in-

---

1. TEX.R.EVID. 503(d)(5) reads as follows:
    **(d) Exceptions.** There is no privilege under this rule:
    (5) Joint Clients. As to a communication relevant to a common interest between or among two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when offered in an action between or among any of the clients.

volving the administration of the trusts and the operation and management of the trusts' res. As in *Riggs*, the trustee Bank is not the real client. The beneficiaries are the real clients because the trusts were created for their benefit. The Bank as trustee owes fiduciary duties to the beneficiaries and cannot protect its own interests under the guise of attorney-client privilege. Additionally, as in *Riggs*, the legal fees of the trustee's counsel were paid with trust assets. Therefore, the Court holds that no independent. attorney-client privilege exists between a trustee and its attorney to the exclusion of the beneficiaries when the alleged privileged documents relate to the administration of the trust or the trusts' res.[2]

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Documents Designated as "Privileged and Confidential" is hereby in all things GRANTED.

---

**2.** Furthermore, two other jurisdictions have also considered this issue. A New York state court held that a fiduciary has an obligation to disclose the advice of counsel with respect to matters affecting the administration of the trust estate. *In the Matter of Baker*, 139 Misc.2d 573, 528 N.Y.S.2d 470 (1988) (relying on Scott on Trusts, Vol. IIA, § 17 (4th ed.)). A California court of appeals relied upon the joint client exception to the California Evidence Code similar to the Tex. R.Evid. 503(d)(5), and held that when the beneficiary shows the communications between attorney and trustee relate to the trust, the beneficia-

ries have made a prima facie showing that the joint client exception applies. *Gump v. Well Fargo Bank N.A.*, 192 Cal.App.3d 222, 237 Cal.Rptr. 311, 335 (1987).

Because this Court finds that the Bank has no attorney-client privilege to the exclusion of the beneficiaries, it is not necessary to decide whether the joint client exception of Rule 503(d)(5) applies. Furthermore, because the Court finds that the documents are not privileged, it unnecessary for the Court to decide whether the privilege was waived by communicating the documents to third parties.